IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| KMC ACQUISITION CORPORATION: d/b/a KIRKHILL MANUFACTURING COMPANY, : : Plaintiff, : : v. : : ESCOE INDUSTRIAL MECHANICAL,: INC., : : Defendants. : _____ : | No. 3:15-CV-119 (CAR) |

### ORDER ON DEFENDANT'S MOTION TO COMPEL

Before the Court is Defendant Escoe Industrial Mechanical, Inc.'s Motion to Compel Crane Industry Services, LLC ("Crane"), a nonparty, to comply with its subpoena to produce documents. Neither Plaintiff nor Crane has opposed the Motion. As explained below, Defendant's Motion [Doc. 33] is **GRANTED**, and Crane is hereby **ORDERED** to comply with the subpoena Defendant issued it on August 18, 2016, and produce all non-privileged documents in its possession, custody, and control that are responsive to the subpoena.

### BACKGROUND

Plaintiff filed this negligence and breach of contract action against Defendant pursuant to the Court's diversity jurisdiction. Plaintiff alleges Defendant is responsible

1

for Plaintiff's damages and lost profits arising from Defendant's work in removing and installing commercial mixers at Plaintiff's rubber manufacturing facility in Athens, Georgia.  In October 2012, Defendant began work to install a new 35,000 pound commercial mixer in Plaintiff's facility. During Defendant's installation, the mixer fell onto the mezzanine floor.

Plaintiff seeks to recover damages related to the repair of its facility, the cost of having new mixer inspected and repaired, the cost of hiring a subsequent complete the installation of the mixer, and lost profits at a rate of approximately $375,000.00 per week. Defendant contends it is not responsible for any loss, as Plaintiff instructed Defendant to use a particular overhead lift/hoist/rigging system Defendant was told was up to date with load testing for this type of project, and the failure of the hoist and chain system caused Plaintiff's damages.

After the incident, Plaintiff's insurer retained Crane to inspect the site and examine the overhead hoist system. On January 25, 2013, Crane performed an inspection of Plaintiff's facility and took possession of the overhead hoist mechanism.

On August 18, 2016, Defendant issued a subpoena *duces tecum* to Crane pursuant to Federal Rule of Civil Procedure 45 which requested Crane to produce documents related to the overhead hoist and chain system used on the date of the incident. On August 23, 2016, Cliff Dickinson, President of Crane, contacted defense counsel that he had received the subpoena and indicated he would prepare the

responsive documents upon his return from a trip on September 9th. On August 29th, however, Plaintiff's counsel placed defense counsel on notice of its objection to the subpoena on grounds the requested documents were protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. However, on November 22nd, Plaintiff's counsel withdrew that objection. On January 3, 2017, defense counsel attempted to confer with Crane regarding its failure to respond to the subpoena. During this telephone call, Mr. Dickinson indicated he could not speak and would return the call in approximately half an hour. To date, Defendant has been unable to speak with Mr. Dickinson and has received no response to the subpoena. Defendant states it has attempted in good faith to confer with Crane before filing this Motion to Compel.

## ANALYSIS

Federal Rule of Civil Procedure 45 "permits a party to procure discovery from a non-party through the issuance and service of a subpoena."[1] In addition, the Rule sets forth the procedures for a party seeking to obtain an order of compliance from a nonparty: "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."[2]

---

[1] *Hernandez v. Tregea*, Case No. 2:07-cv-149-FTM, 2008 WL 3157192 at *3 (M.D. Fla. Aug. 4, 2008).
[2] Fed. R. Civ. P. 45(d)(2)(B)(i).

3

The general rules of discovery outlined in Rule 26 govern the scope of a Rule 45 subpoena: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible thanks[.]"[3] Courts must employ a liberal discovery standard in keeping with the spirit and purpose of the discovery rules.[4] Rule 26(b)(1) deems requested information relevant and discoverable if it "appears reasonably calculated to lead to the discovery of admissible evidence."[5] This requires that discovery be provided if the information has some bearing on the claims or defenses in the case.[6]

In addition to Rule 26, the Court must also consider whether compliance with a subpoena imposes an undue burden. Rule 45(d)(1) provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."[7] Thus, the Court must balance the requesting party's need for the discovery against the burden imposed upon the subpoenaed party.[8]

---

[3] Fed. R. Civ. P. 26(b)(1).
[4] *McMahon v. E. Steamship Lines, Inc.*, 129 F.R.D. 197, 198 (S.D. Fla. 1989).
[5] Fed. R. Civ. P. 26(b)(1); *see* Fed. R. Evid. 401.
[6] *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, 2001 WL 34079319, at *2 (S.D. Fla. Nov. 1, 2001); Fed. R. Evid. 401 (evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence).
[7] Fed. R. Civ. P. 45(d)(1).
[8] *Id.* (citations omitted).

4

In considering these factors, the Court finds Crane should be compelled to produce the records requested by Defendant's subpoena. Crane has not objected to the subpoena, and no evidence exists suggesting compliance would be an undue burden. In addition, the discovery requested is probative to the litigation and to Defendant's defense.

Accordingly, Plaintiff's Motion to Compel nonparty Crane [Doc. 33] is **GRANTED**. Crane is hereby **ORDERED** to comply with the subpoena Defendant issued it on August 18, 2016, and produce all non-privileged documents in its possession, custody, and control that are responsive to the subpoena. Counsel for Defendant is **ORDERED** to serve this Order on Crane by sending a copy of the Order to the person at Crane on whom Defendant served the subpoena.

**SO ORDERED,** this 24th day of January, 2017.

                                                                             S/ C. Ashley Royal
                                                                             C. ASHLEY ROYAL, JUDGE
                                                                             UNITED STATES DISTRICT COURT