IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| KMC ACQUISITION CORPORATION: d/b/a KIRKHILL MANUFACTURING COMPANY, | : : : | |
| Plaintiff, | : : | |
| v. | : : : | No. 3:15-CV-119 (CAR) |
| ESCOE INDUSTRIAL MECHANICAL,: INC., | : : | |
| Defendant. | : : : | |

## ORDER ON DEFENDANT'S MOTION TO CERTIFY ORDER AS A FINAL JUDGMENT

Before the Court is Defendant Escoe Industrial Mechanical, Inc.'s Motion to Certify the Court's Order Granting Plaintiff KMC Acquisition Corporation d/b/a Kirkhill Manufacturing Company's Motion for Partial Summary Judgment as a Final Judgment pursuant to Rule 54(b). On March 28, 2018, the Court granted Plaintiff's Partial Motion for Summary Judgment as to Defendant's liability for negligence and breach of contract and directed the remaining claims to proceed to trial. On April 9, 2018, Defendant filed a Motion to Certify the Court's Order as a Final Judgment pursuant to Rule 54(b) for immediate direct appeal. After careful consideration of the parties' briefs and the law, the Court hereby **DENIES** Defendant's Motion [Doc. 63] for the reasons stated below.

1

# ANLYSIS

In relevant part, Federal Rule of Civil Procedure 54(b) states:

When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. [1]

The Supreme Court has outlined the steps district courts must follow in making determinations under Rule 54(b). First, "[a] district court must first determine that it is dealing with a 'final judgment.'"[2] Second, "having found finality, the district court must go on to determine whether there is any just reason for delay."[3]

The Eleventh Circuit has held that "[c]onsideration of the former factor is necessary to ensure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'"[4] And that "[t]he latter factor serves to limit Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay."[5] Additionally, "Rule 54(b) certifications 'must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by

---

[1] Fed. R. Civ. P. 54.
[2] *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980).
[3] *Id*. at 8.
[4] *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997) (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438(1956)).
[5] *Id*. (citing *In re Southeast Banking Corp. v. Bassett*, 69 F.3d 1539, 1547 n. 2 (11th Cir. 1995); *Burlington Northern R.R. v. Bair*, 754 F.2d 799, 800 (8th Cir. 1985); *Vann v. Citicorp Sav. of Ill.*, 891 F.2d 1507, 1509–10 (11th Cir. 1990)).

pressing needs of the litigants for an early and separate judgment as to some claims or parties.'"[6] "Recognizing that such circumstances will be encountered only rarely, we have previously counseled district courts to exercise the limited discretion afforded by Rule 54(b) conservatively."[7]

As instructed, the Court first considers the threshold issue of finality and finds the Court's March 28, 2018 Order granting partial summary judgment as to Defendant's liability is not a final judgment. The Eleventh Circuit has "interpreted the first prong of Rule 54(b) to require that a judgment 'disposes entirely of a separable claim or dismisses a party entirely' in order to be considered 'final.'"[8] "A partial summary judgment is not a 'final' judgment subject to appeal under 28 U.S.C.A. § 1291 unless the district court has certified it as final under Rule 54(b)."[9] However, "a partial summary judgment *on the issue of liability* is not the type of partial summary judgment that can *ever be considered 'final'* within the meaning of 28 U.S.C.A. § 1291."[10] Additionally, under Georgia law, proving damages is an essential element of both tort and breach of contract claims, and damages have yet to be decided in this case.[11] Therefore, Plaintiff's claims have not been disposed of entirely.

---

[6] *Id.* (citing *Morrison–Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)).
[7] *Id.* (citing *In re Southeast Banking*, 69 F.3d at 1550).
[8] *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 779 (11th Cir. 2007) (citing *In re Southeast Banking Corp.*, 69 F.3d at 1547).
[9] *Gen. Television Arts, Inc. v. S. Ry. Co.*, 725 F.2d 1327, 1331 (11th Cir. 1984).
[10] *Id.* (emphasis added).
[11] *See UWork.com, Inc. v. Paragon Techs., Inc.*, 321 Ga. App. 584, 590 (2013) ("The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the

## CONCLUSION

Thus, Defendant's Motion to Certify the Court's Order Granting Plaintiff's Motion for Partial Summary Judgment as a Final Order Pursuant to Rule 54(b) [Doc 63] is hereby **DENIED**.

**SO ORDERED,** this 29th day of May 2018.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

right to complain about the contract being broken."); *Pattman v. Mann*, 307 Ga. App. 413, 416, 701 S.E.2d 232, 236 (2010) (internal quotations omitted) ("In order to maintain a cause of action for ordinary or professional negligence, a plaintiff must prove the following elements: (1) a legal duty to conform to a standard of conduct; (2) a breach of this duty; (3) a causal connection between the conduct and the resulting injury; and (4) damage to the plaintiff.").